THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **DORIS N. DEL VALLE CRUZ**, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>**UNITED STATES OF AMERICA**, *et al.*,<br><br>    Defendants. | **Civil No. 14-1443 (ADC)** |
| | Consolidated with: |
| **ESTATE OF ANGEL OTERO ORTIZ**, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>**UNITED STATES OF AMERICA**, *et al.*,<br><br>    Defendants. | **Civil No. 15-2280 (ADC)** |

## OPINION AND ORDER

The family members and Estate of Angel Otero-Ortíz ("Otero- Ortíz") filed this medical malpractice action against the United States and its Department of Veteran Affairs ("VA") (collectively, "the government" or "defendants").[1] Plaintiffs seek compensatory damages under

---

[1] Plaintiffs' complaint also includes allegations against John Doe codefendants, as well as their respective insurance companies. **ECF No. 19** at 3. To this date, plaintiffs have neither identified nor requested authorization to substitute named parties for these John Does.

the Federal Torts Claim Act ("FTCA"), 28 U.S.C. § 1346(b)(1), for the suffering caused by defendants' alleged misdiagnosis of Otero-Ortíz's Non-Hodgkin Lymphoma and his eventual death. Plaintiffs also bring an inherited action for the suffering that Otero-Ortíz endured before his death. *See* **ECF No. 19**.

Before the Court is the government's motion to dismiss Otero-Ortíz's daughter, Yinnaris Otero-Del Valle's, claims for failing to timely exhaust administrative remedies. **ECF No. 55**. The government also moves the Court to apply the *ad damnum* limitation to limit plaintiffs' remaining claims to the sums that they claimed in their original administrative complaint before the VA. *Id*.

Plaintiffs oppose the government's motion. **ECF No. 59**. For the reasons explained below, the government's motion to dismiss, **ECF No. 55**, is hereby **GRANTED IN PART** and **DENIED IN PART**. Yinnaris Otero-Del Valle's personal claims are hereby **DISMISSED**.

I.  **Factual Background**

The Court draws the allegations summarized below from the amended complaint, **ECF No. 19**, and treats all its well-pleaded facts as true, drawing all the reasonable inferences that can be drawn from them in plaintiffs' favor. *See Martin v. Applied Cellular Technology, Inc.*, 284 F.3d 1, 6 (1st Cir. 2002); *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001).

On or about February 12, 2002, Otero-Ortíz visited the Veterans Affairs Medical Center for persistent hiccups. A computerized tomography (CT) scan showed soft tissue filling the posterior of the nasopharyngeal airway at the base of his skull. **ECF No. 19** at 4. On April 19,

2002, a VA otorhinolaryngologist performed a nasal endoscopy on Otero-Ortíz. The endoscopy showed the same soft tissue as the CT scan, and a biopsy was performed. The pathology results were not definitive, and the pathology report recommended a repeat biopsy. However, the second biopsy was not performed until ten years later, on January 12, 2012.

In the ten years between the two biopsies, Otero-Ortíz visited the VA Medical Center's emergency department and VA specialists on several occasions, for the following symptoms: continuous suffocation, lack of air, asphyxia, dysphagia, and choking while eating. Because of these symptoms, Otero-Ortíz suffered from pain and anxiety; spent many days in bed due to physical pain and body weakness; was disabled; suffered sleep disturbances; and lacked an appetite for fear of choking. *Id.* at 5. His family members, including plaintiffs, also suffered throughout Otero-Ortíz's illness, and provided him with the care he required. *Id.* at 9-11.

On January 9, 2012, a CT scan showed Otero-Ortíz had an ill-defined soft-tissue mass density in his upper airway. A tracheotomy was performed to secure his airway. On January 12, 2012, an otorhinolaryngologist performed a biopsy, and, on the same date, Otero-Ortíz was diagnosed with Non-Hodgkin Lymphoma. Otero-Ortíz received chemotherapy and radiotherapy, but died on October 25, 2012. The immediate cause of death was advanced-stage Non-Hodgkin Lymphoma and cardiac complications caused by the chemotherapy. **ECF No. 19** at 7.

## II.     Procedural Background

On June 29, 2012, Otero-Ortíz, his wife Doris Del Valle-Cruz, and his sons—Angel Otero-Del Valle and Randy Otero-Del Valle—filed administrative claims under the FTCA against the Department of Veteran Affairs. The VA denied the administrative claims, and the claimants asked for reconsideration. On January 23, 2014, the VA denied their request for reconsideration and issued a final decision, denying the administrative claims and notifying the claimants of their right to sue. *See* **ECF No. 19** at 9; **ECF No. 59-7.**

On March 30, 2014, Otero-Ortíz's wife and sons, in their personal capacities and as members of his Estate, filed the present action against defendants. **ECF No. 1**. The complaint also named Otero Ortiz's daughter, Yinnaris Otero-Del Valle ("Yinnaris"), as co-plaintiff, both individually and as a member of his estate.[2]

On September 19, 2014, defendants moved the Court to dismiss the complaint as to Yinnaris for failure to exhaust administrative remedies inasmuch as she had not filed an administrative claim before the VA. *See* **ECF No. 13** at 7.[3]

On October 14, 2014, Otero-Ortíz's estate and Yinnaris filed an administrative claim before the VA. Consequently, on April 20, 2015, plaintiffs requested leave to file an amended complaint, **ECF No. 18**, which the Court granted. **ECF No. 23**. The amended complaint names

---

[2] On June 5, 2014, plaintiffs amended the complaint, as a matter of course, to include in its caption the Estate of Otero-Ortíz. **ECF No. 6**.

[3] Defendants also moved to dismiss the estate's claims because the remaining plaintiffs had filed administrative claims in their individual capacity and not as representatives or members of the estate. **ECF No. 13** at 9. However, as discussed later in this Opinion and Order, the motion to dismiss currently before the Court, **ECF No. 55**, does not challenge the estate's claims.

Otero-Ortíz's wife, his two sons, his daughter Yanniris, and his estate as plaintiffs. **ECF No. 19**. It also increased the damages that plaintiffs claim, in excess of the sums claimed in their administrative complaints. The Estate raised its claims from $5,000,000 to $6,000,000, and Otero-Ortíz's wife and sons each increased their claims from $500,000 to $1,000,000.[4] **ECF No. 19** at 9-12. After plaintiffs amended their complaint, the Court mooted defendant's initial motion to dismiss, and ordered defendants to submit a new motion to dismiss, if they believed one was warranted. **ECF No. 27**.

Now, defendants move the Court to dismiss Yinnaris' claims from the amended complaint because she failed to timely exhaust administrative remedies under the FTCA. **ECF No. 55** at 5. They argue that plaintiffs' claims accrued in January 2012, when Otero-Ortíz learned that the medical staff had failed to diagnose his cancer. Thus, pursuant to the FTCA's 2-year statute of limitations, 28 U.S.C. § 2401(b), plaintiffs had until January, 2014 to file an administrative claim before the VA. Because Yinnaris filed her administrative claim on October 2014, defendants argue that her claim failed to timely exhaust administrative remedies, and, thus, that the Court lacks jurisdiction over her claim. *See* **ECF No. 55**.

Defendants also ask the Court to apply the *ad damnum* limitation, 28 U.S.C. § 2675(b), to limit plaintiffs' claims to the amounts they had originally claimed in their administrative claim. **ECF No. 55** at 13.

---

[4] Yinnaris Otero-Del Valle does not claim more than she had claimed in her administrative complaint.

Plaintiffs oppose the motion to dismiss. **ECF No. 59**. They argue that Yinnaris timely exhausted administrative remedies because her cause of action accrued on October 25, 2012, when Otero-Ortíz died. **ECF No. 59**. Therefore, the two-year limitations period had not yet expired when Yinnaris filed her claim on October 14, 2014. *Id.* at 7. As to the *ad damnum* limitation, plaintiffs point out that Otero-Ortíz died after plaintiffs filed their administrative complaint on June 28, 2012. Thus, Otero-Ortíz's death is an intervening fact that justifies increasing the sums that plaintiffs claim. *Id.* at 12.

### III. Legal Standard

Federal courts are courts of limited jurisdiction, and they must narrowly construe their jurisdictional grants. *López-Muñoz v. Triple-S Salud, Inc.*, 745 F.3d 1, 5 (1st Cir. 2014). Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move the Court to dismiss a complaint for lack of subject-matter jurisdiction. When reviewing a complaint for lack of subject-matter jurisdiction, the Court must accept its well-pleaded facts and draw all reasonable inferences in the plaintiff's favor. *Martínez-Rivera* v. *Puerto Rico*, 812 F.3d 69, 73 (1st Cir. 2016) (citing *McCloskey* v. *Mueller*, 446 F.3d 262, 266 (1st Cir. 2006)).

### IV. Discussion

**a.    Plaintiff Yinnaris Otero-Del Valle failed to timely exhaust administrative remedies.**

"Absent a waiver, sovereign immunity (which is jurisdictional in nature) shields the United States from suit." *Villanueva v. United States*, 662 F.3d 124, 126 (1st Cir. 2011) (citing *Fed.*

*Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994)). The FTCA expressly waives the government's sovereign immunity and allows individuals to sue the government "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). However, an FTCA claim "against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b); *Litif v. United States*, 670 F.3d 39, 43 (1st Cir. 2012). This statute of limitations is a condition of the FTCA's waiver of sovereign immunity that must be strictly construed. *Skwira v. United States*, 344 F.3d 64, 73 (1st Cir. 2003).

At issue in this case is the date on which plaintiffs' claims accrued. Federal law establishes the accrual date of an FTCA claim, without regard to state law. *Rakes v. United States*, 442 F.3d 7 n.7 (1st Cir. 2006); *see Surén-Millán v. United States*, 38 F.Supp.3d 208, 219 (D.P.R. 2013 ) (DRD); *Morales-Melecio v. United States*, No. 13-cv-1311 (SEC), 2016 WL 3129419, at *2 (D.P.R. June 3, 2016). "The general rule, within the meaning of the FTCA, is that a tort claim accrues at the time of the plaintiff's injury." *Skwira*, 344 F.3d at 73 (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)). However, the discovery rule delays accrual of an FTCA claim "where the fact or cause of an injury is unknown to (and perhaps unknowable by) a plaintiff for some time after the injury occurs." *Rakes*, 442 F.3d at 19. Thus, under the discovery rule, "a claim accrues under the FTCA once a plaintiff knows, or in the exercise of reasonable diligence should know, (1) of her injury and (2) sufficient facts to permit a reasonable person to believe that there is a causal

connection between the government and her injury." *Skwira*, 344 F.3d at 78. "The inquiry is an objective one—it includes not only what was actually known but what a reasonable person, once fairly prompted to investigate, would have discovered by diligent investigation." *Litif v. United States*, 670 F.3d 39, 44 (1st Cir. 2012) (citing *Rakes*, 442 F.3d at 20, 23).

In this case, Otero-Ortíz did not learn that the VA had allegedly misdiagnosed his cancer until January 2012. Plaintiffs also identified January 2012 as the "date of the accident" in their June 2012 administrative claims before the VA. **ECF Nos. 55-2, 59-3**. In addition, defendants argue that plaintiff's claims accrued in January 2012. *See* **ECF No. 55**. Accordingly, the Court finds that plaintiffs' claims accrued in January 2012. Therefore, the FTCA's 2-year limitations period ended in January 2014, before Yinnaris filed her administrative complaint in October 2014. It would be disingenuous for the Court to accept plaintiffs' argument that Yinnaris's claim accrued in October 25, 2012, when Otero-Ortíz died. After all, all other family members—including Otero-Ortíz himself—had filed their administrative claims in June 2012. Thus, Yinnaris's administrative claim is untimely, and the Court lacks subject-matter jurisdiction over her personal claim. Accordingly, Yanniris's personal claim is **DISMISSED**.[5]

    **b.** **Otero-Ortíz's death warrants a complaint for sums in excess of those claimed in the administrative complaint.**

---

[5] The FTCA's statute of limitations is not a jurisdictional requirement and is subject to equitable tolling. *United States v. Kwai Fun Wong*, 135 S. Ct. 1625, 1633 (2015). In its motion to dismiss, the government preemptively argued that Yanniris is not entitled to equitable tolling. **ECF No. 55** at 11. However, plaintiffs have not argued that Yanniris is entitled to equitable tolling. *See ECF No. 59*. The Court finds plaintiffs waived any argument for equitable tolling of Yanniris's claims. *Delaney v. Matesanz*, 264 F.3d 7, 14 (1st Cir. 2001) (holding that the party that invokes equitable tolling bears the burden of establishing that it is entitled to it).

"An essential element of [an FTCA] claim is 'notification of the incident,' via 'an executed' SF 95 [form] or 'other written' document, 'accompanied by' a demand 'for money damages in a sum certain.'" *Holloway v. United States.*, No. 16-1402, slip op. at 2 (1st Cir. Jan. 11, 2017) (quoting 28 C.F.R. § 14.2(a)). The purpose of the notification requirement is "to let the government know what it is likely up against: mandating that a claimant propound a definite monetary demand ensures that '[t]he government will at all relevant times be aware of its maximum possible exposure to liability and will be in a position to make intelligent settlement decisions". *Reilly v. United States*, 863 F.2d 149, 173 (1st Cir. 1988) (quoting *Martínez v. United States*, 780 F.2d 525, 530 (5th Cir. 1986)). However, courts "'approach . . . the notice requirement leniently, 'recognizing that individuals wishing to sue the government must comply with the details of the law, but also keeping in mind that the law was not intended to put up a barrier of technicalities to defeat their claims.'" *Holloway*, slip. op. at 2 (quoting *Santiago–Ramírez v. Sec'y of Dept. of Def.*, 984 F.2d 16, 19 (1st Cir. 1993)).

Consonant with the FTCA's notice requirement, § 2675 of the FTCA bars a claimant from suing for damages that exceed the sum that he or she previously claimed in the administrative complaint, unless: (1) "the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or [(2)] upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675. In explaining §2675's *ad damnum* limitation for FTCA claims, the Court of Appeals for the First Circuit has expressed that:

> Because the statute itself renders the state of a claimant's knowledge (actual or constructive) at the time of presentment of the claim of decretory significance, the mechanics of a § 2675(b) inquiry must be double-barrelled: What should the party have known? When should she have known it? To be binding in this context, knowledge need not be certain. In the same vein, intelligence which serves only to bear out earlier suspicions cannot unlock the FTCA's narrow escape hatch. Diagnoses which are no more than cumulative and confirmatory of earlier diagnoses are neither newly discovered evidence nor intervening facts for the purposes of § 2675(b). . . . [T]he statute demands a showing that some new and previously unforeseen information came to light between the time of filing the administrative claim and the trial on damages. And, the newly-emergent datum must be material.

*Reilly*, 863 F.2d at 171 (quotations and citations omitted). *See Lowry v. United States*, 958 F. Supp. 704, 719 (D. Mass. 1997).

In this case, defendants argue that plaintiffs have not shown any newly discovered evidence or intervening fact to justify increasing the sums they claim. **ECF No. 55** at 14. In other words, they argue that Otero-Ortíz's death was foreseeable when plaintiffs filed their administrative claims, or, in the alternative, that his death is merely cumulative or confirmatory of their original claim, the alleged cancer misdiagnosis. *Id*.

The Court rejects the government's argument. In this case, Otero-Ortíz's death is precisely the type of "new evidence" or "intervening circumstance" that justifies a suit for an amount in excess of the sum plaintiffs claimed before the VA. Accordingly, defendants' request to reduce the sums claimed in the complaint is **DENIED**.

    **c.**    **Additional issues raised in defendants' motion.**

On September 15, 2015, the Estate of Angel Otero-Ortíz and Yinnaris Otero-Del Valle commenced a separate action against the government for the wrongful death of Otero-Ortíz. *See*

Civ. No. 15-02280 (ADC). By plaintiffs' motion, **ECF No. 35**, the Court ordered both cases consolidated, pursuant to Local Civil Rule 41, **ECF No. 36**. *See* **ECF No. 38**. Now, the government requests that the Court dismiss the consolidated complaint as duplicitous and unnecessary because the amended complaint includes the claims of Otero-Ortiz's estate. **ECF No. 55** at 2. Plaintiffs consent to dismiss the Estate's claims in Civ. No. 15-02280 and continue their claims in the instant complaint, inasmuch as the government has recognized that the estate exhausted administrative remedies. **ECF No. 59** at 8. However, plaintiffs oppose the dismissal of the consolidated complaint as it pertains to Yinnaris's claims. *Id*.

By this order, the Court finds that Yinnaris's claims accrued in January 2012 and dismisses her personal claims as untimely. Accordingly, her personal claims are **DISMISSED** for lack of subject-matter jurisdiction. Thus, the complaint in Civ. No. 15-02280, **ECF No. 1**, is **DISMISSED**.

The amended complaint also alleges that Otero-Ortíz would have received a full disability pension since 2002. **ECF No. 19** at 8. Defendants move to dismiss this claim because it falls under the exclusive jurisdiction of the Board of Veteran Affairs. **ECF No. 55** at 2. Plaintiffs consent to dismissal and withdraw their claims regarding the pension. **ECF No. 59** at 13. Accordingly, plaintiffs' claim to Otero-Ortiz's veteran's pension is **DISMISSED**.

V. **Conclusion**

In light of the above, defendants' motion to dismiss, **ECF No. 55**, is **GRANTED IN PART AND DENIED IN PART**. Yinnaris Otero-Del Valle's personal claims are hereby **DISMISSED.**

Plaintiffs' claims for the unpaid benefits of Otero-Ortiz's disability pension are hereby **DISMISSED,** inasmuch as the matter remains within the jurisdiction of the Board of Veteran Affairs. Respondents' request to limit the sums claimed by plaintiffs to the sums claimed in the administrative complaints is **DENIED**. The Court will allow the personal claims of Doris Del Valle-Cruz, Angel Otero-Del Valle, and Randy Otero-Del Valle, to move forward, as well as plaintiffs' claims as members of Angel Otero-Ortiz's Estate.

Furthermore, the consolidated complaint in Civ. No. 15-2280, **ECF No. 1**, is hereby **DISMISSED**. The Clerk of the Court is to enter judgment in Civ. No. 15-2280 accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 31st day of March, 2017.

                                                 **S/AIDA M. DELGADO-COLÓN**
                                                 **Chief United States District Judge**